IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, as assignee and subrogee of NEBCO, Inc., and Watkins Concrete Block,<br><br>   Plaintiff,<br><br>  vs.<br><br>ALONZO BALTAZAR, JAKE EPPERSON, and JAKE'S CUSTOM LAWNS LLC,<br><br>   Defendants. | **8:25CV522**<br><br><br>**ORDER ON SUGGESTION IN BANKRUPTCY OF DEFENDANT ALONZO BALTAZAR** |

This case is before the Court on the Suggestion in Bankruptcy by defendant Alonzo Baltazar. Filing 33. Baltazar, *pro se*, gives notice that on March 31, 2026, he filed a Chapter 13 Voluntary Petition for Bankruptcy Relief in the United States Bankruptcy Court for the District of Nebraska, Bankruptcy No. 8:26-bk-80394. Filing 33 at 1.

The automatic stay provision in 11 U.S.C. § 362 provides in pertinent part as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1). It does not appear that any of the exceptions in § 362(b) are applicable in this case. 11 U.S.C. § 362(b). Thus, the stay provision applies in this case.

That does not mean that the entire case must be stayed.

The automatic stay does not, in general, apply to actions against third parties. *See, e.g., Sav–A–Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999) (holding that

1

an automatic stay applicable to a defendant firm and one of its employees did not extend to nonbankrupt codefendants). "The only exception to this rule that any of the circuits recognize seems to relate only to nonbankrupt codefendants in 'unusual circumstances.'" *Croyden Assoc's v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir.1992) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). "The unusual circumstances in which the bankruptcy court can stay cases against non-debtors are rare." *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 762 (8th Cir.2011).

*In re Panther Mountain Land Dev., LLC*, 686 F.3d 916, 921 (8th Cir. 2012); *see also* NEGenR 1.5(a)(1) (recognizing that a civil case may proceed as to the parties not in bankruptcy). Since Baltazar filed his Suggestion in Bankruptcy on April 14, 2026, no party has filed a motion requesting application of the stay beyond debtor Baltazar or requesting referral of this case to the bankruptcy court. *See* NEGenR 1.5(a)(1) (providing for a party to request such a referral). Therefore, until and unless some party requests application of the stay beyond the debtor or requests referral of this case to the bankruptcy case, this case may proceed as between plaintiff Lexington Insurance Company and non-bankrupt defendants. However, the Court must enter an Order staying further proceedings in this case as to Baltazar. *See* NEGenR 1.5(a)(1).

Accordingly,

IT IS ORDERED that this case is stayed against defendant Alonzo Baltazar pursuant to the automatic stay provision of 11 U.S.C. § 362(a)(1) and NEGenR 1.5(a)(1). This case may proceed as between plaintiff Lexington Insurance Company and non-bankrupt defendants until and unless the Court orders otherwise.

Dated this 7th day of May, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

2